**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 91-0139-003-PHX-EHC |
| Plaintiff/Respondent, | |
| vs. | **ORDER** |
| Gonzalo Gomez-Morales, | |
| Defendant/Movant. | |

Defendant[1] has filed a Motion for Modification of Sentence (Dkt. 988). The United States has filed a Response (Dkt. 989) and Defendant has filed a Reply (Dkt. 994).

Defendant seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2) which permits a district court to reduce a sentence in the case of a defendant whose sentence was imposed based on a sentencing range that subsequently has been lowered by the Sentencing Commission. Defendant argues that he was convicted of conspiracy but there was no finding by the jury regarding the quantity of the drug that was the object of the conspiracy. Defendant cites Amendment 591, effective November 1, 2000, which provides for reference to guidelines § 2X1.1. Defendant argues for a decrease of three levels under § 2X1.1.

---

[1] The docket sheet in Case No. CR-91-0139 shows Defendant's name as Gonzalo Gomez-Morales and that Defendant is also known as Gonzales Morales-Gomez.

Under § 3582(c)(2), a district court may not reduce the term of imprisonment of an already incarcerated defendant unless that defendant has been sentenced pursuant to a guideline range "that has subsequently been lowered by the Sentencing Commission."

Amendment 591 clarified that "in order for the enhanced penalties in § 2D1.2 to apply, the defendant [must have been] convicted of an offense referenced to § 2D1.2, rather than simply have engaged in conduct described by that guideline." See U.S.S.G. App. C. amend. 591, "Reason for Amendment" (Nov. 1, 2001). Section 2D1.2 of the sentencing guidelines provides heightened base offense levels for drug offenses occurring near protected locations or involving underage or pregnant individuals. See U.S.S.G. § 2D1.2.

In 1992, a jury convicted Defendant of conspiracy to distribute cocaine (21 U.S.C. §§ 846 and 841(a)(1)), and attempt to possess and distribute cocaine (21 U.S.C. § 841(a)(1)) (Dkt. 368). Defendant was sentenced to 360 months in prison (Dkt. 440-441). The Court's Judgment was affirmed on appeal (Dkt. 575). Defendant's sentence was later reduced to 288 months in prison (Dkt. 668). Defendant's subsequent motions filed under 28 U.S.C. § 2255 were denied (see Dkt. 730-731; 888-889; & 939-940, 952).

Defendant's base offense level was calculated under U.S.S.G. § 2D1.1(c)(1) with a notation that the weight of the cocaine exceeded 1,500 kilograms. Defendant's base offense level was not increased based on U.S.S.G. § 2D1.2. Amendment 591 does not apply to Defendant.

Defendant argues that Amendment 591 provides a foundation for a sentence on the basis of U.S.S.G. § 2X1.1. Application Note 1 to § 2X1.1 explains that certain attempts, conspiracies, and solicitations are covered by other offense guidelines and states that offense guidelines that expressly cover attempts and conspiracies include § 2D1.1. Section 2X1.1 provides no basis for modification of Defendant's sentence.

Defendant faced a statutory term of not less than 10 years nor more than life as a result of his offenses of conviction. 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II). A defendant cannot obtain relief when his sentence does not exceed the statutory maximum authorized by the jury's verdict even if the district court determined the drug amount by a preponderance of

the evidence, instead of having the jury determine the amount beyond a reasonable doubt. United States v. Saya, 247 F.3d 929, 942 (9th Cir. 2001).

Defendant argues that he did not complete the substantive offense. The authorities Defendant cites have no relevance to this claim. Defendant's Judgment of conviction and sentence has been affirmed and his subsequent § 2255 motions denied.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Modification of Sentence (Dkt. 988) is denied.

DATED this 10th day of May, 2010.

_____
Earl H. Carroll
United States District Judge